**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**COURTNEY R. LOGAN**                                                             **PLAINTIFF**

**v.**                                       **No. 4:12CV40-A-V**

**TYRONE BANKS, ET AL.**                                           **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Courtney R. Logan, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Logan alleges that the defendants used excessive force against him during a strip search. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

At 5:00 a.m. on May 9, 2012, in the Leflore County Jail, the defendants entered Logan's cell while he was asleep and ordered him to submit to a strip search. Logan refused and said he would not submit to such a search unless the event was recorded. Logan repeatedly refused to comply with the order and was, instead, transported to a holding cell, where he again refused to comply with the order. Finally, the defendants sprayed Logan with a chemical agent, removed his clothes, and conducted the strip search.

**Excessive Force**

This case presents the court with a claim that prison officials used excessive force against the *pro se* prisoner plaintiff in violation of the Eighth Amendment. In order to balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use

force to maintain prison order, the Supreme Court has held that to establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). In this case, Courtney Logan repeatedly refused to obey the orders of prison officials. When it became obvious that Logan would not comply with the order, the defendants used a chemical agent to gain his compliance – and obvious "good-faith effort to maintain or restore discipline." *Id*. Courtney Logan's allegations to not rise to the level of a constitutional claim and will thus be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of June, 2012.

 /s/ **Sharion Aycock**
 **U.S. DISTRICT JUDGE**